Mark D. Rutter - State Bar No. 058194
CARPENTER, ROTHANS & DUMONT
888 S. Figueroa St., Suite 1960
Los Angeles, California 90017
Telephone:  (213) 228-0400
Facsimile:   (213) 228-0401
mrutter@crdlaw.com

Attorneys for defendants City of Hawthorne, Chief Stephen R.Port, Officer Peter Goetz, Officer Christopher Hoffman, Officer Robert Knouse, and Officer Vincent Arias

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHERINE MEISLIN, NED MEISLIN,<br><br>Plaintiffs,<br><br>-vs-<br><br>CITY OF HAWTHORNE, CHIEF STEVEN PORT, OFFICER PETER GOETZ, OFFICER CHRIS HOFFMAN, OFFICER KNAUSE, OFFICER ARIAS, individually and as peace officers, COUNTY OF LOS ANGELES, KUMARI GOSSAI, and DOES 1-10, inclusive,<br><br>Defendants | Case No.  CV06-6692 GW (FFMx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER REGARDING POLICE PERSONNEL INFORMATION<br><br>NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |

**PROTECTIVE ORDER**

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom <u>that includes protectable information from a peace officer's personnel records</u> as Confidential under the terms of this Protective Order (hereinafter Order).  Confidential information, as described in California Penal Code §832.7, includes peace officer personnel records and records maintained by the City of Hawthorne pursuant to California Penal Code §832.5, or information obtained

1

1  from these records. As defined in California Penal Code §832.8, "personnel
2  records" means any file maintained under an individual peace officer's name by his
3  or her employing agency and containing records relating to any of the following:
4  (1) personal data, including marital status, family members, educational and
5  employment history, home addresses, or similar information; (2) medical history;
6  (3) election of employee benefits; (4) employee advancement, appraisal or
7  discipline; (4) complaints, or investigation of complaints, concerning an event or
8  transaction in which he or she participated, or which he or she perceived, and
9  pertaining to the manner in which he or she performed his or her duties; (5) any
10 other information the disclosure of which would constitute an unwarranted
11 invasion of personal privacy.

12       2. Confidential documents shall be so designated by stamping copies of the
13 document produced to a party with the legend CONFIDENTIAL. Stamping such
14 legend on the cover of multipage document shall designate all pages of the
15 document as confidential, unless otherwise indicated by the producing party.

16       3. Testimony taken at a deposition, conference, hearing or trial may be
17 designated as confidential by making a statement to that effect on the record at the
18 deposition or other proceeding. Arrangements shall be made with the court
19 reporter taking and transcribing such proceeding to separately bind such portions
20 of the transcript containing information designated as confidential, and to label
21 such portions appropriately.

22       4. Material designated as confidential under this Order, the information
23 contained therein, and any summaries, copies, abstracts, or other documents
24 derived in whole or in part from material designated as confidential (hereinafter
25 Confidential Material) shall be used only for the purpose of the prosecution,
26 defense, or settlement of this action, and for no other purpose.

27       5. Confidential Material produced pursuant to this Order may be disclosed
28 or made available only to the Court, to counsel for a party (including the paralegal,

clerical, and secretarial staff employed by such counsel), and to the qualified persons designated below:

    a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (c) court reporter(s) employed in this action;

    (d) a witness at any deposition or other proceeding in this action; and

    (e) any other person as to whom the parties in writing agree.

6. Depositions shall be taken only in the presence of qualified persons.

7. The parties may further designate certain discovery material or testimony of a highly confidential and/or private nature as CONFIDENTIAL--ATTORNEY'S EYES ONLY (hereinafter Attorney's Eyes Only Material), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the qualified persons listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled Confidential--Subject to Protective

1  Order and ~~filed under seal until further order of this Court~~ <u>lodged together with an</u>
2  <u>application pursuant to Local Rule 79-5.1 to file such Confidential Material under</u>
3  <u>seal</u>.

4      10. In the event that any Confidential Material is used in any court
5  proceeding in this action, the judge <u>presiding in that proceeding, upon proper</u>
6  <u>application, will determine the effect of such use on the confidential status of such</u>
7  <u>Confidential Material</u>. ~~finds good cause for maintaining its confidential status, it~~
8  ~~shall not lose its confidential status through such use, and the party using such shall~~
9  ~~take all reasonable steps to maintain its confidentiality during such use~~.

10      11. This Order shall be without prejudice to the right of the parties (i) to
11  bring before the Court at any time the question of whether any particular document
12  or information is confidential or whether its use should be restricted or (ii) to
13  present a motion to the Court under Fed.R.Civ.P. 26(c) for a separate protective
14  order as to any particular document or information, including restrictions differing
15  from those as specified herein. This Order shall not be deemed to prejudice the
16  parties in any way in any future application for modification of this Order.

17      12. This Order is entered solely for the purpose of facilitating the exchange
18  of documents and information between the parties to this action without involving
19  the court unnecessarily in the process. Nothing in this Order nor the production of
20  any information or document under the terms of this Order nor any proceedings
21  pursuant to this Order shall be deemed to have the effect of an admission or waiver
22  by either party or of altering the confidentiality or nonconfidentiality of any such
23  document or information or altering any existing obligation of any party or the
24  absence thereof.

25      13. This Order shall survive the final termination of this action, to the extent
26  that the information contained in Confidential Material is not or does not become
27  known to the public, and the Court shall retain jurisdiction to resolve any dispute
28  concerning the use of information disclosed hereunder. Upon termination of this

FREDERICK F. MUMM

1  case, counsel for the parties shall assemble and return to each other all documents,
2  material and deposition transcripts designated as confidential and all copies of
3  same, or shall certify the destruction thereof.
4
5  Dated:   February 21, 2008                  / s /_____
                                                FREDERICK F. MUMM
6                                               United States Magistrate Judge