UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE MEISLIN, NED MEISLIN, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF HAWTHORNE, CHIEF STEVEN PORT, OFFICER PETER GOETZ, OFFICER CHRIS HOFFMAN, OFFICER KNAUSE, OFFICER ARIAS, individually and as peace officers, COUNTY OF LOS ANGELES, KUMARI GOSSAI, and DOES 1 to 10, inclusive, <br><br> Defendants. | Case No.: CV06-6692 GW(FFMx) <br> *[Transferred to Judge George Wu in Ctrm. 10]* <br><br> [~~PROPOSED~~] <br> STATEMENT OF FACTS, CONCLUSIONS OF LAW, AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS KUMARI GOSSAI AND COUNTY OF LOS ANGELES |

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

The motion of Defendants COUNTY OF LOS ANGELES and KUMARI GOSSAI for summary judgment, or alternatively, partial summary judgment, in the within action, came on regularly for hearing before this Court on April 21, 2008 and June 5, 2008. Attorneys Kevin H. Louth and L. Trevor Grimm appeared on behalf of defendants COUNTY OF LOS ANGELES and KUMARI GOSSAI; Attorney Thomas E. Beck appeared on behalf of plaintiffs KATHERINE MEISLIN and NED MEISLIN; and Attorneys Mark D. Rutter and Justin Reade Sarno appeared on behalf of co-defendants CITY OF HAWTHORNE, CHIEF PORT, SERGEANT GOETZ,

OFFICER HOFFMAN, OFFICER KNAUSE and OFFICER ARIAS.

After considering the moving and opposition papers, the arguments of counsel, and all other matters presented to the Court, this Court rules as follows:

**1. Plaintiffs' State Law Claims Against The County and Gossai**

    a. **Undisputed Facts**

1. Plaintiff Katherine Meislin presented a tort claim for damages to defendant County of Los Angeles ("the County") on January 11, 2006, arising out of the incident which occurred on July 12, 2005. [UF 21]

2. Plaintiff Katherine Meislin's tort claim was rejected by the County on February 2, 2006. [UF 22]

3. Plaintiffs Katherine Meislin and Ned Meislin filed this action against the County and Defendant Kumari Gossai ("Gossai") on October 20, 2006. [UF 23]

4. Plaintiff Ned Meislin did not present a claim to the County within six months of this incident. [UF 24]

5. After the filing of the complaint in this action, plaintiff Katherine Meislin sought to amend her tort claim to the County on October 24, 2006. [UF 25].

6. The County rejected the amended government tort claim of plaintiff Katherine Meislin on November 2, 2006. [UF 26].

7. The County is a public entity. [UF 27].

8. Gossai is employed by the County as an Environmental Health Specialist II, a housing inspector, and was at the Hawthorne apartment building on a routine inspection. [UF 7].

    b. **Conclusions of Law**

1. A claimant's lawsuit against a public entity must be brought not later than six months after the public entity mails written notice of denial of the claim.

California Government Code § 945.6(a)(1).

2. A claim relating to a cause of action for death or for injury to person or to personal property must be presented to the public entity no later than six months after the accrual of the cause of action. California Government Code § 911.2(a).

3. The complaint of Plaintiff Katherine Meislin against the County and Gossai was filed more than six month after the denial of her claim by the County was deposited in the mail.

4. Plaintiff Ned Meislin did not present a claim to the County within six months of this incident.

5. The County and Gossai are entitled to judgment on all of plaintiffs' claims against them for false imprisonment (fourth cause of action), "torts in essence" (fifth cause of action), intentional infliction of emotional distress (sixth cause of action), and violations of the California Civil Rights Act (California Civil Code §52.1) (ninth cause of action).

6. As all of plaintiffs' claims against the County were state law claims, the County is entitled to summary judgment in this action.

2. **Plaintiffs' Claim Against Defendant Kumari Gossai Under 42 U.S.C. §1983 (Violations of Fourth and Fourteenth Amendments-Warrantless Entry)**

   a. **Undisputed Facts**

   1. Plaintiffs Katherine Meislin and Ned Meislin ("plaintiffs") have resided at 1140 Highland in Manhattan Beach since the mid-1990s, and have been married to one another since October 28, 1978. [UF 1].

   2. Plaintiffs manage two apartment buildings, one of which is located in Hawthorne. Plaintiffs have owned the apartment building in Hawthorne at 13815 Hawthorne Way since 1985 ("Hawthorne apartment building"). [UF 2].

3. There are seven (7) units in the Hawthorne apartment building. There are four gates or doors at the Hawthorne apartment building that allow access to the common areas. [UF 3].

4. Each tenant has a key to the main entrance. Only the tenants have keys to the front door to gain access to the front stairways to the upstairs units and the common catwalks or decks in front of each unit. Tenants are allowed to bring in any guest that they desire. [UF 4].

5. Plaintiffs' office at the Hawthorne apartment building is unit no. 4, located on the second floor and furthest from the street ("office"). [UF 5].

6. At about 3:00 p.m. on July 12, 2005, plaintiff Katherine Meislin was sitting in her office when a woman buzzed the office to be let into the Hawthorne apartment building. Plaintiff Katherine Meislin would not let the woman into the building and stopped talking to her. Plaintiff Katherine Meislin could hear the woman buzzing the other units. Plaintiff Katherine Meislin did not find out that this woman was Defendant Kumari Gossai ("Gossai"), a County health inspector, until after plaintiff Katherine Meislin was arrested. [UF 6].

7. Gossai is employed by the County of Los Angeles as an Environmental Health Specialist II, a housing inspector, and was at the Hawthorne apartment building on a routine inspection. [UF 7].

8. Plaintiff Katherine Meislin exited the office, went up the back stairwell to the third floor, walked across the deck to the front stairwell which has a window, and watched Gossai leave the Hawthorne apartment building. [UF 8].

9. Plaintiff Katherine Meislin then walked down the front stairway, out the front door, through the gate, walked around her garage area, checked to make sure the laundry room door and the rear stairwell were locked, and then went back to the office. [UF 9].

10. At about 3:45 to 4:00 p.m., plaintiff Katherine Meislin saw a figure go past the office and walking toward unit no. 1. Plaintiff Katherine Meislin looked out

Case 2:06-cv-06692-GW-FFM   Document 89   Filed 09/04/08   Page 5 of 11   Page ID #:1478

her draperies and saw it was Gossai, whom plaintiff Katherine Meislin would not allow to enter at 3:00 p.m. Plaintiff Katherine Meislin got her keys and went outside the office to see what was going on. Plaintiff Katherine Meislin walked down to unit no. 1 and confronted Gossai. [UF 10].

11. Plaintiff Katherine Meislin did not see how Gossai got into the Hawthorne apartment building. [UF 11].

12. Plaintiff Katherine Meislin opened the entry stairwell door adjacent to unit no. 1 at the front of the building, went through first, and proceeded down the stairs. Gossai stayed at the door and did not follow plaintiff Katherine Meislin. [UF 13].

13. A tenant of plaintiff Katherine Meislin joined her and Gossai in the stairwell. Plaintiff Katherine Meislin then went up, put her arm around Gossai's back and shoulder and her hand on Gossai for her come on, touched her, and Gossai started to walk down the stairs. Gossai then sped up and ran into the wall at the bottom of the landing. [UF 14].

14. Eventually Gossai went out the front door and left the Hawthorne apartment building, and plaintiff Katherine Meislin returned to her office. [UF 15].

### b. Conclusions of Law

1. The Fourth Amendment safeguards against searches or seizures that intrude upon a subjective expectation of privacy that is objectively reasonable. United States v. Nettles, 175 F. Supp. 2d 1089, 1093 (N.D. Ill. 2001).

2. Generally, there is no reasonable expectation of privacy in common or shared areas of multiple dwelling buildings, even where the common areas are otherwise locked to exclude persons that are not tenants of the buildings. United States v. Nettles, 175 F. Supp. 2d 1089, 1093 (N.D. Ill. 2001).

3. An apartment dweller has no reasonable expectation of privacy in the common areas of the building whether the officer trespasses or not. United States v.

-5-   G:\docsdata\ltg\Cases\Meislin\Pleadings\msj\MSJ.ORD.post.hrg.wpd

Nohara, 3 F.3d 1239, 1242 (9th Cir. 1993).

4. While it is disputed as to how Gossai gained entry into the Hawthorne apartment building [UF 12], this disputed fact is not material.

5. Gossai never went into any of the private areas of the Hawthorne apartment building but always was in the common walkways and common stairwells.

6. Plaintiffs did not have a reasonable expectation of privacy in the common walkways and common stairwells of the Hawthorne apartment building.

7. Gossai is entitled to judgment on the claim of plaintiffs Ned Meislin and Katherine Meislin under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendment for warrantless entry.

### 3. Plaintiff Katherine Meislin's Claim Against Defendant Kumari Gossai Under 42 U.S.C. §1983 (Violations of Fourth and Fourteenth Amendments- Seizure)

#### a. Undisputed Facts

1. Plaintiffs Katherine Meislin and Ned Meislin ("plaintiffs") have resided at 1140 Highland in Manhattan Beach since the mid-1990s, and have been married to one another since October 28, 1978. [UF 1].

2. Plaintiffs manage two apartment buildings, one of which is located in Hawthorne. Plaintiffs have owned the apartment building in Hawthorne at 13815 Hawthorne Way since 1985 ("Hawthorne apartment building"). [UF 2].

3. There are seven (7) units in the Hawthorne apartment building. There are four gates or doors at the Hawthorne apartment building that allow access to the common areas. [UF 3].

4. Each tenant has a key to the main entrance. Only the tenants have keys to the front door to gain access to the front stairways to the upstairs units and the common catwalks or decks in front of each unit. Tenants are allowed to bring in any

1  guest that they desire. [UF 4].

2      5.    Plaintiffs' office at the Hawthorne apartment building is unit no. 4,
3  located on the second floor and furthest from the street ("office"). [UF 5].

4      6.    At about 3:00 p.m. on July 12, 2005, plaintiff Katherine Meislin was
5  sitting in her office when a woman buzzed the office to be let into the Hawthorne
6  apartment building. Plaintiff Katherine Meislin would not let the woman into the
7  building and stopped talking to her. Plaintiff Katherine Meislin could hear the
8  woman buzzing the other units. Plaintiff Katherine Meislin did not find out that this
9  woman was Defendant Kumari Gossai ("Gossai"), a County health inspector, until
10 after plaintiff Katherine Meislin was arrested. [UF 6].

11     7.    Gossai is employed by the County of Los Angeles as an Environmental
12 Health Specialist II, a housing inspector, and was at the Hawthorne apartment
13 building on a routine inspection. [UF 7].

14     8.    Plaintiff Katherine Meislin exited the office, went up the back stairwell
15 to the third floor, walked across the deck to the front stairwell which has a window,
16 and watched Gossai leave the Hawthorne apartment building. [UF 8].

17     9.    Plaintiff Katherine Meislin then walked down the front stairway, out the
18 front door, through the gate, walked around her garage area, checked to make sure
19 the laundry room door and the rear stairwell were locked, and then went back to the
20 office. [UF 9].

21     10.    At about 3:45 to 4:00 p.m., plaintiff Katherine Meislin saw a figure go
22 past the office and walking toward unit no. 1. Plaintiff Katherine Meislin looked out
23 her draperies and saw it was Gossai, whom plaintiff Katherine Meislin would not
24 allow to enter at 3:00 p.m. Plaintiff Katherine Meislin got her keys and went outside
25 the office to see what was going on. Plaintiff Katherine Meislin walked down to unit
26 no. 1 and confronted Gossai. [UF 10].

27     11.    Plaintiff Katherine Meislin did not see how Gossai got into the
28 Hawthorne apartment building. [UF 11].

12. Plaintiff Katherine Meislin opened the entry stairwell door adjacent to unit no. 1 at the front of the building, went through first, and proceeded down the stairs. Gossai stayed at the door and did not follow plaintiff Katherine Meislin. [UF 13].

13. A tenant of plaintiff Katherine Meislin joined her and Gossai in the stairwell. Plaintiff Katherine Meislin then went up, put her arm around Gossai's back and shoulder and her hand on Gossai for her come on, touched her, and Gossai started to walk down the stairs. Gossai then sped up and ran into the wall at the bottom of the landing. [UF 14].

14. Eventually Gossai went out the front door and left the Hawthorne apartment building, and plaintiff Katherine Meislin returned to her office. [UF 15].

15. Gossai tried to call 911 and got a busy tone. The 911 operator called Gossai back and Gossai said she needed the Hawthorne police because she believed she was assaulted. The Hawthorne police arrived in about three minutes. Gossai signed a citizen's arrest form as to plaintiff Katherine Meislin. [UF 16].

16. Plaintiff Ned Meislin is not making any claim against Gossai under 42 U.S.C. § 1983 (Violations of Fourth and Fourteenth Amendments) arising out of his "arrest or prosecution".

### b. Conclusions of Law

1. Malicious prosecution, by itself, does not constitute a due process violation; to prevail plaintiff must show that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right. Freeman v. City of Santa Ana, 68 F.3d 1180, 1190 (9th Cir. 1995).

2. There was probable cause for Gossai to report an assault upon her by plaintiff Katherine Meislin.

3. "The least touching" may constitute battery. Force against the person is

enough; it need not be violent or severe, it need not cause bodily injury or even pain, and it need not leave any mark. People v. Rocha (1971) 3 Cal.3d 893, 899, n. 12.

4. A person need not have an intent to commit a battery; she only needs to intend to commit the act. People v. Mansfield (1988) 200 Cal.App.2d 82, 88.

5. Plaintiff Katherine Meislin admits that she touched Gossai when she put her arm around Gossai to escort Gossai down the stairs.

6. While it is disputed as to whether plaintiff Katherine Meislin realized that Gossai was at the Hawthorne apartment building in her official capacity, this factual dispute is not material. It is undisputed that Gossai is a housing inspector and at this point in time was at the Hawthorne apartment building in her official capacity to do a housing inspection.

7. It is undisputed that Gossai told plaintiff Katherine Meislin during their encounter that she considered that she had been assaulted by plaintiff Katherine Meislin, and that she was going to contact the police and have her arrested for assault.

8. Only a slight unprivileged touching is needed to satisfy the force requirement of a criminal battery. People v. Lindsay, 209 Cal.App.3d 849, 855 (1989).

9. A property owner may use only such force to eject trespassers that is necessary to prevent a further disturbance of the peace or to avoid injury to persons or property. People v. Corlett, 67 Cal.App.2d 33, 51-52 (1944); Haworth v. Elliott, 67 Cal.App.2d 77, 82-83 (1944).

10. While it is disputed how Gossai initially obtained access to the Hawthorne apartment building [UF 12], this factual dispute is not material. *Assuming arguendo* that Gossai was a trespasser, there is no evidence that Gossai was disturbing the peace or causing injury to person or property to justify the force used by plaintiff Katherine Meislin.

11. A non-law enforcement government official acts under color of state law

if he or she willfully participates in joint action with state officials to deprive others of constitutional rights. United States v. Attson, 900 F.2d 1427, 1434 (9th Cir. 1990); United Steelworkers of America v. Phelps Dodge Corp., 865 F.2d 1539, 1540-1541 (9th Cir. 1988). Joint action requires a substantial degree of cooperative action. Collins v. Womancare, Inc., 878 F.2d 1145, 1154 (9th Cir. 1989).

12. Gossai is not a police officer. California Penal Code § 830.12; California Health & Safety Code § 106620.

13. Gossai's 911 call to report that she had been assaulted by plaintiff Katherine Meislin occurred prior to any contact that Gossai had with the Hawthorne police.

14. In considering whether a citizen's arrest was made, the citizen need not use any "magic words", and arrest may be implied from the citizen's acts of summoning an officer, reporting the offense, and pointing out the suspect. Arpin v. Santa Clara Valley Transportation Agency, 261 F.3d 912, 920 (9th Cir. 2001). [6/5 RT-16]

15. While it is disputed as to whether Gossai signed the citizen's arrest form before or after plaintiff Katherine Meislin was arrested, this factual dispute is not material. [UF 16]. Gossai signed a citizen's arrest form against plaintiff Katherine Meislin. [UF 16].

16. Gossai had probable cause for making a citizen's arrest of plaintiff Katherine Meislin for assault.

17. While it is undisputed that plaintiff Katherine Meislin was subsequently acquitted on criminal charges, this fact is not material. The mere fact that a prosecution was unsuccessful does not mean that it was not supported by probable cause. Freeman v. City of Santa Ana, 68 F.3d 1180, 1190 (9th Cir. 1995)

18. Gossai is entitled to judgment on the claim of plaintiff Katherine Meislin that Gossai improperly caused the seizure of plaintiff Katherine Meislin.

19. Gossai is entitled to judgment on any claim by plaintiff Ned Meislin

1 | arising out of his arrest or prosecution.

2

3 | IT IS HEREBY ORDERED THAT the motion of Defendants COUNTY OF
4 | LOS ANGELES and KUMARI GOSSAI for summary judgment is GRANTED.

5

6 | Dated: ~~August~~ Sept. 4th, 2008

7

8

9 | THE HONORABLE GEORGE H. WU
U.S. DISTRICT COURT JUDGE

10

11 | Submitted By:

12 | L. Trevor Grimm, Esq. (State Bar No. 186801)
**MANNING & MARDER**
13 | **KASS, ELLROD, RAMIREZ** LLP
15th Floor at 801 Tower
14 | 801 South Figueroa Street
Los Angeles, California  90017
15 | Telephone: (213) 624-6900
Facsimile: (213) 624-6999
16 | ltg@mmker.com

17 | Attorneys for Defendants,
COUNTY OF LOS ANGELES and KUMARI GOSSAI